# IN THE COURT OF APPEALS OF IOWA

No. 23-1743
Filed February 19, 2025

**IN THE INTEREST OF L.C.,**
**Minor Child,**

**K.C., and J.C., Guardians,**
    **Petitioners-Appellees,**

**vs.**

**J.L., Mother,**
    **Respondent-Appellant,**

**and**

**D.C., Father,**
    **Respondent.**

_____

Appeal from the Iowa District Court for Ida County, David C. Larson, Judge.

A mother appeals the order terminating her parental rights. **AFFIRMED.**

Lisa K. Mazurek, Cherokee, for appellant mother.

Sabrina Sayler of Crary Huff Law Firm, P.C., Dakota Dunes, South Dakota, for appellees.

Michele M. Lewon of Michele Lewon, PLC, Sioux City, attorney and guardian ad litem for minor child.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**AHLERS, Judge.**

Parents of a child born in 2014 were struggling with methamphetamine addiction and the chaos that comes with it. So, they turned over the child's care to various relatives. By January 2021, the child's paternal uncle and aunt were the child's caregivers, and the parents voluntarily granted guardianship to them. While originally set up as a temporary guardianship, it became a permanent guardianship about six months later.

A little over a year and one-half later, the guardians concluded that the parents were not going to get their lives in order to parent the child, so they filed a petition for termination of the parents' rights to the child pursuant to Iowa Code chapter 600A (2023). They alleged abandonment pursuant to Iowa Code section 600A.8(3)(b). Following a trial at which the mother did not appear, the juvenile court found that the guardians proved statutory abandonment. The court granted the petition and terminated the parents' rights to the child. Only the mother appeals.

To terminate a parent's right to a child under chapter 600A, the petitioners must prove the following by clear and convincing evidence: (1) a statutory ground for termination and (2) termination is in the child's best interest. *See In re B.H.A.*, 938 N.W.2d 227, 232 (Iowa 2020). The juvenile court found the guardians proved both elements. On appeal, the mother challenges only the juvenile court's findings as to the first element, so we confine our analysis accordingly. Our review is de novo. *Id.* We give weight to the district court's factual findings, particularly those regarding witness credibility, but we are not bound by them. *Id.*

As noted, the juvenile court relied on the ground of abandonment to terminate the mother's rights. The guardians alleged abandonment under section 600A.8(3)(b), which provides:

> If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Chapter 600A also defines abandonment as "reject[ing] the duties imposed by the parent-child relationship . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to provide the support of the child or to communicate with the child." Iowa Code § 600A.2(20).

The guardians had to prove by clear and convincing evidence that the mother failed to maintain substantial and continuous or repeated contact with the child. *See In re G.D.*, No. 20-0984, 2021 WL 2126174, at *3 (Iowa Ct. App. May 26, 2021). Substantial and continuous or repeated contact with the child means: (1) financially contributing to the child's support in a reasonable amount according to the parent's means and (2) maintaining contact with the child in the manner described in section 600A.8(3)(b)(1)–(3). *Id.* This means the parent must provide financial support *and* maintain contact with the child to avoid an

abandonment finding.  *Id.*  As a result, the guardians only had to prove by clear and convincing evidence that the mother failed to meet one of the two components to establish abandonment.  *See id.*  In other words, even if the mother contributed toward the child's support in a reasonable amount under section 600A.8(3)(b), if she failed to maintain contact with the child in the manner described in section 600A.8(3)(b)(1)–(3), the mother is still deemed to have abandoned the child.  *See id.*  The same would be true if the mother met the contact requirements but failed to satisfy the financial-support requirement.  *Id.*

The juvenile court found that the guardians proved that the mother failed to satisfy both the financial-support and contact requirements.  On appeal, the mother challenges the court's finding on both requirements.  As failure to meet either requirement is fatal to the mother's challenge, *see id.*, we choose to focus only on the contact requirement.

The mother concedes that she failed to meet the contact requirements of section 600A.8(3)(b)(1) and (3), as she did not visit the child monthly or live in the same household as the child for the last two years and eight months.  Instead, she focuses on section 600A.8(3)(b)(2) and contends she met the contact requirements of that subparagraph.

Following our de novo review, we agree with the juvenile court that the guardians proved that the mother failed to meet the contact requirements set forth in section 600A.8(3)(b), including the communication requirement in section 600A.8(3)(b)(2).  During the two years and eight months the child lived with the guardians before trial, the mother communicated with the child eight times for a total of ninety-one minutes, the last of which was one year and seven months

before the termination trial. Beyond that, her only attempts at contact with the child were leaving three video messages, totaling under three minutes in length, and the last of those messages was approximately eight months before the termination trial. During this time, the mother sent sporadic messages to the guardians indicating that she was no longer abusing drugs, was searching for employment, and was working to establish a stable place to live. In one message, she explained that she does not contact the guardians or the child often because she is ashamed of not having the child in her custody.

Apparently recognizing that her sporadic communication was not enough, the mother pitches alternative arguments that she met the contact requirements because it was her addiction to drugs that kept her away, and she met her parenting responsibilities by leaving the child in a safe place with relatives. We reject both arguments. Her drug addiction does not excuse her failure to maintain communication or other contact with the child. *See In re C.M.*, No. 18-1901, 2019 WL 3315891, at *2 (Iowa Ct. App. July 24, 2019) ("While the father claims he wanted to shield [the child] from his addiction, good intentions do not justify or overcome his failure to maintain a relationship with his child."). Nor does leaving the child with responsible people immunize her from a finding of abandonment. *See In re T.B.*, No. 14-1984, 2016 WL 530990, at *8 (Iowa Ct. App. Feb. 10, 2016) (finding abandonment when parents "initially agreed to a guardianship in their children's best interest but then entirely failed to act as parents to their children once they were in the care of another person"). Neither of these alternative arguments alters the juvenile court's and our finding of abandonment.

We find the guardians proved by clear and convincing evidence that the mother failed to meet the contact requirements spelled out in section 600A.8(3)(b). Because that is a sufficient basis for establishing abandonment, it is unnecessary for us to address the juvenile court's finding that the mother failed to meet her financial-support obligations as well. *See G.D.*, 2021 WL 2126174, at *3. As the juvenile court correctly determined the mother had abandoned the child pursuant to section 600A.8(3)(b) and the mother does not challenge the best-interest step of the analysis, we affirm the juvenile court's termination of the mother's parental rights.

**AFFIRMED.**